SEXTON, Judge.
This action arises from the denial of certain disability benefits under the International Paper Company Retirement Plan for Union Represented Employees (the Plan). The Plan was enacted pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq. The district court granted summary judgment in favor of the Plan and petitioner appeals this ruling. We affirm.
The facts upon which the district court reached its decision are found in a comprehensive affidavit filed by the defendant with the motion for summary judgment. That affidavit indicates that the petitioner, Alton Gilliam, quit work at International Paper Company on November 4, 1983, claiming that he was disabled. A summary of Mr. Gilliam’s claims of illness are found in a report by Dr. A.J. Tillinghast, called in as an independent medical consultant. Dr. Tillinghast reported plaintiff’s complaints as involving “3-4 years of progressive onset of periodic episodes of acute shortness of breath associated with what he describes as a closing up of his throat to the point that he is unable to breath.” Examination by several physicians including other outside medical consultants, as well as Mr. Gilliam’s own physicians, failed to find an indication of either a neuromuscular or pulmonary disorder which could be cited as causing plaintiff’s difficulty.
After a year of investigation, the Plan’s manager, on March 7, 1985, wrote a decision denying petitioner’s claim stating that “the medical evidence submitted to substantiate this claim did not support a finding of total and permanent disability nor did it demonstrate a specific ailment.” The decision further found that Mr. Gilliam presented a moderate limitation of functional capacity and was thus deemed capable of sedentary employment.
Petitioner sought consideration of the fact that a social security administrative law judge had granted him social security *1307 benefits in an opinion that determined that the petitioner had the capacity to perform sedentary work. After further investigation, the Plan nevertheless categorized Mr. Gilliam as being able to perform substantial gainful employment activity productive in nature, and further found that he had no medically determinable condition.
Thus, coverage for the petitioner was denied by the Plan because his physical or mental impairment was not “medically determinable” and because he was not “incapable of engaging in any substantial gainful employment activity productive in nature” as required by the definition of disability under Section 1.24 of the retirement plan.
Mr. Gilliam filed suit against the Plan for failure to grant him benefits for total and permanent disability. The motion for summary judgment filed by the defendant was sustained by the trial court on the basis that the Plan was properly administered and that there were no material issues of fact.
In an extensive written opinion, the trial court found that the administrator had explored the medical aspects of Mr. Gilliam’s claim reasonably and “with a commendable degree of effort” and thus determined that the conclusion reached disallowing benefits was not “arbitrary or capricious.” This determination was based on the Plan’s records as evidenced by the affidavit accompanying the motion which the court determined supported the conclusion that Mr. Gilliam can perform “substantial gainful employment activity productive in nature.”
Plaintiff’s primary assignment of error raises the issue of whether the trial court applied the wrong standard of review and therefore erroneously granted the defendant’s motion for summary judgment.
Petitioner insists that the standard of review of the conduct of Plan administrators and trustees under the federal Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., is a “substantial evidence” test and not the “arbitrary and capricious” standard on which the lower court based its ruling.* Plaintiff cites certain jurisprudence which he asserts supports his contention. However, we agree with the defendant that the jurisprudence cited deals with appellate review of decisions of federal agencies (such as the National Labor Relations Board in Universal Camera Corporation v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 [1951]) or decisions in which “substantial evidence” is simply mentioned as a component of the “arbitrary and capricious” standard.
Also, as noted by the defendant, Den-nard v. Richards Group, Inc., 681 F.2d 306 (1982), discusses why “arbitrary and capricious” is the correct standard of review and succinctly summarizes the approach to that standard by the various federal circuits. Indeed, the Dennard court noted that the Seventh Circuit had located the origin of the use of the phrase “substantial evidence” in evaluating ERISA plans:
The Seventh Circuit, in applying the arbitrary and capricious yardstick, has stated that this standard apparently originated with the District of Columbia Circuit’s formulation of “whether the Trustees have acted arbitrarily, capriciously, or in bad faith; that is, is the decision of the Trustees supported by substantial evidence or have they made an erroneous decision on a question of law.” Wardle v. Central States, Southeast & Southwest Areas Pension Fund, 627 F.2d [820] at 823 [7th Cir.1980].
Dennard, supra, at 314.
Further, in elaborating that the correct standard of review is that of “arbitrary and capricious,” the United States Fifth Circuit stated:
The District Court in the first instance, and this Court on appeal, in reviewing the actions of administrators of an employee benefit plan, utilize an “arbitrary and capricious” standard of review. Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc., 637 *1308 F.2d 357, 362 (5th Cir.), cert, denied, 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981); Bayles v. Central States, Southeast and Southwest Areas Pension Fund, 602 F.2d 97, 99 & 100 n. 3 (5th Cir.1979). “According to the clear weight of federal authority, the actions of the trustees in the administration of the pension plan must be sustained as a matter of law unless plaintiff can prove such activities have been arbitrary or capricious.” Bayles, supra. This standard, traditionally used for review of trusts, has been applied by several other circuits. Such a standard prevents excessive judicial intervention in trust operations. Rehmar v. Smith, 555 F.2d 1362, 1371 (9th Cir.1976).
* * * * * *
In Bayles, we indicated certain factors to be considered in applying the arbitrary and capricious standard: (1) uniformity of construction; (2) “fair reading” and reasonableness of that reading; and (3) unanticipated costs. We there determined that the pensioner’s interpretation of the plan would render another section of the plan meaningless and that “[a] fair reading of the provision” revealed that the language’s purpose was that maintained by the trustees.
[Footnotes omitted] Dennard, supra at 313-314.
We thus determine that the trial judge applied the correct legal standard of “arbitrary and capricious” in reviewing the action of the Plan denying benefits. Even assuming arguendo that the standard is that of “substantial evidence,” it is clear from the exhaustive affidavit and attachments filed by defendant in support of the motion for summary judgment that the action of the Plan was supported by more than “substantial evidence.” Defendant’s affidavit details the findings of the various doctors seen by the plaintiff-applicant, summarizes the action of the Plan in response thereto, and notes the action of the Social Security Administration — all in some twenty-six points. These points are supported in detail by approximately 250 pages of attachments which include the text of the retirement plan at issue. This filing shows that under any standard the action of the Plan was comprehensive, perhaps even exhaustive, and adequately supported.
We are likewise unimpressed by appellant’s ancillary contention that the Plan’s definition of disability is too stringent and his assertion that the social security award negates the decision of the Plan. Indeed, the social security determination was that the plaintiff was able to do sedentary work. This is the same determination the defendant reached. Social security benefits are apparently due under such a result, but such is not the case under the Plan's definition of disability.
The definitional standard of disability under the Plan was collectively bargained. It is not unreasonable or arbitrary and capricious. Plaintiff has indicated no violation of any federal law involved in the bargaining process or in the end result thereof. We, therefore, should not intervene in that definition. UMWA Health and Retirement Funds v. Robinson, 455 U.S. 562, 102 S.Ct. 1226, 71 L.Ed.2d 419 (1982).
In conclusion, we determine that the trial court applied the correct standard of review in its evaluation of the action of the Plan at issue. The affidavit to which the court applied this standard is unchallenged. The content thereof precludes a genuine issue of material fact. The defendant is thus entitled as a matter of law to summary judgment. LSA-C.C.P. Arts. 966 B and 967; Simoneaux v. E.I. DuPont De Nem-ours and Company, Inc., 483 So.2d 908 (La.1986).
The judgment appealed is affirmed at appellant’s costs.
AFFIRMED.

 A participant in an ERICA plan may bring suit in either state or federal court, 29 U.S.C. § 1132, and if in state court, the court is obligated to follow federal law. 29 U.S.C. § 1144.